HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CODY J. HOEFS,

         Plaintiff,

    v.

SIG SAUER INC.,

         Defendant.

Case No.  3:20-cv-05173-RAJ

ORDER GRANTING IN PART
AND DENYING IN PART
MOTION TO DISMISS

## I.   INTRODUCTION

This matter comes before the Court on Defendant's Motion to Dismiss Plaintiff's First Amended Complaint.  Dkt. # 16.  Having considered the submissions of the parties, the relevant portions of the record, and the applicable law, the Court finds that oral argument is unnecessary.  For the reasons below, the Court **GRANTS in part** and **DENIES in part** the motion.

## II.   BACKGROUND

In July 2016, Plaintiff Cody Hoefs bought a pistol, a Sig Sauer P320.  Dkt. # 13 ¶ 2.1.  Defendant Sig Sauer Inc. ("Sig Sauer") manufactured that pistol.  *Id.* ¶ 2.10.  Mr. Hoefs alleges that Sig Sauer's representations induced him to make the purchase.  *Id.* ¶ 2.4.  According to Mr. Hoefs, he was swayed by Sig Sauer's "representations about the

ORDER – 1

superiority of the Sig Sauer P320 as compared to other firearms" and Sig Sauer's "safety representations." *Id.* "[S]ome months before purchasing" the gun, Mr. Hoefs claims, he accessed Sig Sauer's website and found representations that the gun was "manufactured to standards higher than that required by federal regulations," that the "safety devices related to the design of the [pistol] were greater than federally required," and that the pistol "would not fire absent the trigger being pulled." *Id.* ¶ 2.2.

Months after he bought the pistol, he was shot by it. *Id.* ¶ 2.5. On November 23, 2016, "[h]e loaded his Sig Sauer P320 pistol, put it in the holster at which time the pistol discharged with no prompting while fully-seated in its Sig Sauer brand holster." *Id.* As a result, he injured his right leg. *Id.* ¶ 2.6.

On February 26, 2020, more than three years after he was shot, Mr. Hoefs sued Sig Sauer. Dkt. # 1. Sig Sauer moved to dismiss the complaint, Dkt. # 3, and the Court granted the motion in part and denied it in part, holding that many of Mr. Hoefs's product liability claims were preempted by the Washington Product Liability Act ("WPLA"), that those claims were in any event time-barred, and that Mr. Hoefs's fraud-based claims were insufficiently pled, Dkt. # 12 at 2. His fraudulent concealment claim, however, survived. *Id.*

After the Court granted leave to amend, Mr. Hoefs filed a First Amended Complaint. Dkt. # 13. He asserts four causes of action: violation of the WPLA, fraud, fraudulent concealment, and violation of the Washington Consumer Protection Act. *Id.* ¶¶ 3.1-6.10. Like last time, Sig Sauer moves to dismiss the First Amended Complaint. Dkt. # 16.

### III.  LEGAL STANDARD

Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff's complaint must allege facts to state a claim for

ORDER – 2

relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The allegations must be "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although the court must accept as true the complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper Rule 12(b)(6) motion to dismiss. *Vazquez v. Los Angeles Cty.*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). On a Rule 12(b)(6) motion, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990).

Rule 9(b) of the Federal Rules of Civil Procedure establishes heightened pleading standards for claims "grounded in fraud," a category that includes any claim relying upon a "unified course of fraudulent conduct." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003). For such claims, "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). This means the plaintiff is required to "state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 558 (9th Cir. 2010). "A motion to dismiss a complaint or claim 'grounded in fraud' under Rule 9(b) for failure to plead with particularity is the functional equivalent of a motion to dismiss under Rule 12(b)(6) for failure to state a claim." *Vess*, 317 F.3d at 1107.

## IV.  DISCUSSION

Sig Sauer's argument is two-fold. Dkt. # 16. First, it argues that Mr. Hoefs's WPLA claim is barred by the statute of limitations. *Id.* at 7-9. Second, it argues that Mr.

ORDER – 3

Hoefs's fraud-based claims are not sufficiently pled under Rule 9(b).  *Id.* at 9-11.  The Court addresses each in turn.

### A.    Statute of Limitations

Under the WPLA, the statute of limitations for a product liability claim is three years.  *Mayer v. Sto Indus., Inc.*, 98 P.3d 116, 124-25 (Wash. Ct. App. 2004), *aff'd in part, rev'd in part*, 132 P.3d 115 (Wash. 2006) (citing RCW 7.72.060(3)).  The statute begins to run "when a claimant discovers, 'or in the exercise of due diligence should have discovered, a factual causal relationship of the product to the harm.'"  *Louisiana-Pac. Corp. v. ASARCO Inc.*, 24 F.3d 1565, 1580 (9th Cir. 1994) (quoting *North Coast Air Serv., Ltd. v. Grumman Corp.*, 759 P.2d 405 (Wash. 1988)).  A claimant "placed on notice by some appreciable harm occasioned by another's wrongful conduct . . . must make further diligent inquiry to ascertain the scope of the actual harm."  *Green v. A.P.C. (Am. Pharm. Co.)*, 960 P.2d 912, 916 (Wash. 1998).

This Court previously explained that the statute began to run on November 23, 2016—the day Mr. Hoefs was shot.  Dkt. # 12 at 4-7.  Given that Mr. Hoefs began this action on February 26, 2020, more than three years later, the Court held that Mr. Hoefs's product liability claims were barred by the statute of limitations.  *Id.*

Since then, Mr. Hoefs amended his complaint, and he now alleges that Sig Sauer made other representations to him, justifying his delay in bringing this action.  Dkt. # 13 ¶¶ 2.8, 2.36.  He alleges that after he was shot, he mailed his pistol to Sig Sauer for inspection.  *Id.* ¶ 2.8.  On December 15, 2016, Sig Sauer responded with a letter, informing Mr. Hoefs that the pistol passed a "function test," "met all factory specifications," and did not malfunction during "test firing."  *Id.* Ex. 1.  Mr. Hoefs argues that through this letter Sig Sauer "affirmatively hid the likely cause of [his] injury."  Dkt. # 17 at 8.  As a result, he says, he "had no reason to believe that the firearm was defective and was not a safe weapon to possess."  *Id.* at 7.

On its own, the new allegation is inconsequential.  Sig Sauer's letter does nothing

ORDER – 4

to change when Mr. Hoefs first became "on notice by some appreciable harm occasioned by another's wrongful conduct." *Green*, 960 P.2d at 915. Despite Sig Sauer's assurances, Mr. Hoefs knew weeks earlier that he was shot by a "pistol discharged with no prompting while fully-seated in its Sig Sauer brand holster." Dkt. # 13 ¶ 2.5. That incident, no doubt, began the statute of limitations clock. The question then is whether Sig Sauer's letter paused it. The new allegation only makes sense when viewed through the prism of equitable tolling, a doctrine that (though implied) was not explicitly raised by Mr. Hoefs. Drawing all reasonable inferences in Mr. Hoefs's favor, the Court addresses whether Sig Sauer's letter equitably tolled the statute of limitations.

"[W]hen justice requires," a court may "allow an action to proceed . . ., even though a statutory time period has nominally elapsed." *Price v. Gonzalez*, 419 P.3d 858, 862-63 (Wash. Ct. App. 2018). This is the doctrine of equitable tolling, and the party asserting it bears the burden of proof. *Id.* "The predicates for equitable tolling are bad faith, deception, or false assurances by the defendant and the exercise of diligence by the plaintiff." *Id.* (quoting *Millay v. Cam*, 955 P.2d 791, 797 (Wash. 1998)). Courts apply equitable tolling "sparingly," and they should not extend it to "a garden variety claim of excusable neglect." *Id.*

The Court will not toll the statute of limitations. To start, Mr. Hoefs carries the burden to show that the statute should be equitably tolled. But Mr. Hoefs does not even raise the doctrine; he only implies it. He claims that Sig Sauer's letter "affirmatively hid" the cause of his injury and "foreclosed" any notice of defect. Dkt. # 17 at 7-10. By only raising the doctrine through implication, he fails to meet his burden.

And the Court has no reason to apply the doctrine in any event. There is nothing in the First Amended Complaint suggesting that Sig Sauer's letter was sent in bad faith or to deceive. At best, the letter could be considered a false assurance. Yet Mr. Hoefs does not allege that the representations in the letter were false. The letter stated that Mr. Hoefs's pistol passed the "function test," "met all factory specifications," and did not

malfunction during "test firing."  Dkt. # 13 Ex. 1.  Mr. Hoefs does not allege that this was false, that the pistol, in fact, did not pass Sig Sauer's inspection or that the inspection was improper in some way.  *Trotzer v. Vig*, 203 P.3d 1056, 1062 (Wash. Ct. App. 2009) (holding that equitable tolling did not apply because assurance was not false).  Hence, equitable tolling does not apply.

Mr. Hoefs's First Amended Complaint fails to cure the deficiencies noted in this Court's previous order.  Thus, his WPLA claim is still barred by the statute of limitations and **DISMISSED**.

### B.      Pleading Fraud-Based Claims Under Rule 9(b)

In its previous order, the Court explained that Mr. Hoefs's remaining claims for fraud, fraudulent concealment, and violation of Washington's Consumer Protection Act ("CPA") are grounded in fraud.  Dkt. # 12 at 7-8.  As such, they are subject to heightened pleading standards under Rule 9(b) of the Federal Rules of Civil Procedure.  *Id.*  The Court already determined that Mr. Hoefs's fraudulent concealment claim was adequately pled.  *Id.*  Before the Court now are his previously-dismissed fraud and CPA claims.

"Rule 9(b) demands that, when averments of fraud are made, the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong."  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotation marks omitted).  The averments must include "the who, what, when, where, and how" of the misconduct charged.  *Id.* (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)).  What is more, the complaint must state the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation."  *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 558 (9th Cir. 2010) (quoting *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004)).

Mr. Hoefs's previous fraud allegations were deficient under Rule 9(b).  "Hoefs

ORDER – 6

d[id] not state when Sig Sauer misrepresented the qualities of its pistols or how Hoefs came into contact with the communications." Dkt. # 12 at 8.  Since then, Mr. Hoefs has amended his complaint and supplied new allegations.  Dkt. # 13.  He now alleges that "some months before" purchasing his pistol, he accessed Sig Sauer's website.  *Id.* ¶ 2.2. There, he allegedly viewed and relied on various Sig Sauer misrepresentations and was induced to buy the pistol.  *Id.*  Those alleged misrepresentations include that the pistol was "manufactured to standards higher than that required by federal regulations," that the pistol's "safety devices . . . were greater than federally required," and that the pistol "did not need an external safety and would not fire absent the trigger being pulled."  *Id.*  He also alleges that before buying the pistol he relied on other Sig Sauer marketing statements, such as the pistol "won't fire unless you want it to."  *Id.* ¶ 2.11.

In response, Sig Sauer says that these allegations are "generic" and still insufficiently particular.  Dkt. # 16 at 11.  Sig Sauer also says that the allegations are not true.  According to Sig Sauer, there are no federal regulations governing the design or manufacture of firearms.  Dkt. # 20 at 9.

Mr. Hoefs's new allegations satisfy the demands of Rule 9(b).  The allegations now identify what misrepresentations he relied on and where, when, and how he viewed them.  He alleges the who (Sig Sauer), the what (various misrepresentations about the safety of the Sig Sauer pistol), the when (some months before Mr. Hoefs bought the gun in July 2016), and the where and how (by viewing the misrepresentations on Sig Sauer's website).  The allegations also identify the time, place, and specific content of the alleged false representations.

Of course, time and evidence will tell whether these allegations prove true.  But that is not for the Court to determine on a motion to dismiss, which is exactly why Sig Sauer's arguments about the existence of federal regulations is misplaced.  Now that Mr. Hoefs has identified the content of the alleged misrepresentations and where and when he viewed them, Sig Sauer may defend against the charge.  No longer must it resort to

ORDER – 7

general disclaimers of wrongdoing.

Thus, on the issue of whether Mr. Hoefs's fraud-based claims are insufficiently pled under Rule 9(b), Sig Sauer's motion to dismiss is **DENIED**.

## V.    CONCLUSION

For the reasons stated above, the Court **GRANTS in part** and **DENIES in part** Defendant's Motion to Dismiss Plaintiff's First Amended Complaint.  Dkt. # 16.  Mr. Hoefs's WPLA claim is dismissed.  The Court grants Mr. Hoefs leave to file an amended complaint **within thirty days** of the entry of this Order.

DATED this 16th day of February, 2021.

The Honorable Richard A. Jones
United States District Judge

ORDER – 8