HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CODY J. HOEFS,<br><br>        Plaintiff,<br><br>    v.<br><br>SIG SAUER INC.,<br><br>        Defendants. | Case No. 3:20-CV-05173-RAJ<br><br>**ORDER** |

## I.    INTRODUCTION

This matter comes before the Court on Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint. Dkt. # 26. Plaintiff opposes the motion. Dkt. # 28. Having considered the submissions of the parties, the remaining record, and applicable law, the Court finds that oral argument is unnecessary. For the reasons below, the motion is DENIED.

## II.    BACKGROUND

Plaintiff Cody J. Hoefs ("Plaintiff") purchased a Sig Sauer P320 pistol manufactured by Defendant Sig Sauer, Inc. ("Defendant"). Dkt. # 24 ¶ 2.1. On November 23, 2016, Plaintiff loaded his pistol, put it in the holster, and the pistol discharged with "no prompting while fully-seated in its Sig Sauer brand holster." *Id.* ¶ 2.5. Plaintiff was severely injured as a result from a gunshot wound to his right leg. *Id.*

ORDER – 1

1 | ¶ 2.6.

2 | In December 2016, Plaintiff mailed his pistol back to Defendant for inspection.

3 | *Id.* ¶ 2.8.  On December 15, 2016, Defendant sent Plaintiff a response letter indicating

4 | that the pistol had "passed all function tests" and confirmed that "all safety features were

5 | operating properly."  *Id.*  Plaintiff alleges that Defendant's letter was sent "in bad faith,

6 | was deceptive, and was sent intending to deceive [P]laintiff as [D]efendant knew, or

7 | should have known, the P320 was manufactured was unsafe" due to a history of

8 | unintended discharges.  *Id.* ¶ 2.12.  Indeed, Plaintiff lists a number of incidents of

9 | unintended discharges between 2002 and 2017 involving Sig Sauer weapons, in which

10 | they had been discharged without the trigger being pulled or while being holstered,

11 | handled, or accidentally dropped.  *Id.* ¶¶ 2.19-2.35.

12 | On August 8, 2017, Defendant announced a "voluntary upgrade" program for the

13 | Sig Sauer P320 pistol to install a lighter trigger package, an internal disconnect switch,

14 | and an improved sear to prevent accidental discharges.  *Id.* ¶ 2.38-39.

15 | On February 26, 2020, Plaintiff filed a complaint against Defendant.  Dkt. # 1.

16 | Plaintiff asserted claims for negligence, strict liability, breach of implied warranty of

17 | merchantability, breach of warranty of fitness for a particular purpose, breach of express

18 | warranty, violation of the Magnusson-Moss Warranty Act, unjust enrichment, fraudulent

19 | concealment, fraud, and violation of the Washington Consumer Protection Act ("CPA").

20 | *Id.* ¶¶ 3.1–12.10.  The Court granted Defendant's motion to dismiss in part, dismissing all

21 | claims except for the fraudulent concealment claim.  Dkt. # 12 at 8.

22 | Plaintiff then filed a First Amended Complaint asserting claims for violation of the

23 | Washington Product Liability Act ("WPLA"), fraud, fraudulent concealment, and

24 | violation of the CPA.  Dkt. # 13 ¶¶ 3.1–6.10.  Defendant again moved to dismiss the

25 | claims.  Dkt. # 16.  The Court dismissed Plaintiff's WPLA claim as untimely but found

26 | that Plaintiff's remaining claims for fraud, fraudulent concealment, and CPA violation

27 | were sufficiently alleged to survive a motion to dismiss.  Dkt. # 23.

28 | ORDER – 2

1  Plaintiff filed a Second Amended Complaint asserting the same four claims. Dkt.
2  # 24. Defendant now moves to dismiss three of the four claims in the Second Amended
3  Complaint as untimely.

### III. LEGAL STANDARD

Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The allegations must be "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although the court must accept as true the complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper Rule 12(b)(6) motion to dismiss. *Vazquez v. Los Angeles Cty.*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

### IV. DISCUSSION

In the pending motion to dismiss, Defendant moves to dismiss Plaintiff's WPLA, fraud, and fraudulent concealment claims as untimely. Dkt. # 26 at 5–6. The Court addresses the WPLA claim first.

**A. WPLA Claim**

Under the WPLA, the statute of limitations for a product liability claim is three years. *Mayer v. Sto Indus., Inc.*, 98 P.3d 116, 124-25 (Wash. Ct. App. 2004), *aff'd in part, rev'd in part*, 132 P.3d 115 (Wash. 2006) (citing RCW 7.72.060(3)). The Supreme Court of Washington has interpreted the WPLA as incorporating the "discovery rule," under which the statute of limitations starts running when the claimant "know[s] or

ORDER – 3

should with due diligence know that the cause in fact was an alleged defect." *N. Coast Air Servs., Ltd. v. Grumman Corp.*, 759 P.2d 405, 406 (Wash. 1988). The plaintiff's knowledge or imputed knowledge is "ordinarily . . . a question of fact." *Id*. A claimant "placed on notice by some appreciable harm occasioned by another's wrongful conduct . . . must make further diligent inquiry to ascertain the scope of the actual harm." *Green v. A.P.C. (Am. Pharm. Co.)*, 960 P.2d 912, 916 (Wash. 1998).

In its prior order, the Court ruled that the statute of limitations began running on November 23, 2016, the date the pistol discharged without trigger, causing injury. The question before the Court now is whether it should be equitably tolled. Under the doctrine of equitable tolling, a court may allow "an action to proceed when justice requires it, even though a statutory time period has nominally elapsed." *State v. Duvall*, , 674 (Wash. Ct. App. 1997). "Appropriate circumstances generally include bad faith, deception, or false assurances by the defendant, and the exercise of diligence by the plaintiff." *State v. Robinson*, 17 P.3d 653, 659 (Wash. Ct. App. 2001) (internal citation and quotation marks omitted). Courts typically apply equitable tolling "sparingly" and "should not extend it to a "garden variety claim of excusable neglect." *Id.* (internal citation and quotation marks omitted).

Plaintiff argues that the statute of limitations should be tolled here because Defendant's letter, which confirmed through testing that the P320 was not defective, was false, misleading, and sent in bad faith. Plaintiff claims that because of this letter, he did not have notice of Defendant's wrongful conduct. Dkt. # 28 at 17. Specifically, Plaintiff contends that "the reason [P]laintiff took no action after the discharge of his firearm initially was because of the false and misleading statement [Defendant] made in its December 15, 2016 letter to [P]laintiff" indicating that the pistol was working properly and that there was nothing wrong with it. *Id.* This letter, Plaintiff asserts, was sent in bad faith and with intent to deceive plaintiff, as Defendant "knew, or should have known, the P320 as manufactured was unsafe as it had a history of unintended discharges that pre-

ORDER – 4

dated the unintended discharge that injured [P]laintiff." Dkt. # 24 ¶ 2.12.  Indeed, Plaintiff cites ten incidents in which a Sig Sauer pistol, including the P320, had discharged without trigger pull, usually resulting in injury or death, between 2002 and 2016.  *Id.* ¶¶ 2.19–2.29.

In reliance on Defendant's December 15, 2016 letter, Plaintiff claims, he did not know, or have reason to know, that a problem with the pistol's safety mechanism existed until after the voluntary upgrade in August 2017.  Dkt. # 28 at 17.  He had "no reason to disbelieve that the discharge was anything but by his own doing" until he learned about Defendant's upgrade, in which Defendant offered to make the Sig Sauer P320 pistol "better" by "installing a much lighter trigger package, an internal disconnect switch, and an improved sear to prevent accidental discharges."  Dkt. # 24 ¶ 2.39.  Since the upgrade was announced, Plaintiff alleged, several police departments issued emergency orders to remove the Sig Sauer P320 from service "strictly due to safety concerns and unintentional discharges from a defect with the Sig Sauer P320 handgun."  *Id.* ¶ 2.42.

Defendant, on the other hand, argues that the statute of limitations began to run on the day Plaintiff was shot because Plaintiff "immediately knew that the discharge was caused by a malfunction or defect in the pistol."  Dkt. # 26 at 5.  Defendant claims that in the absence of the trigger being pulled, the only explanation for what caused the pistol to discharge was "some malfunction or defect in the pistol."  Dkt. # 26 at 11.  Yet Defendant fails to address how its own letter to Plaintiff stating the exact opposite— denying the existence of any malfunction or defect in the pistol—could have reasonably led Plaintiff to believe there was no defect.  In essence, Defendant argues that Plaintiff, a layperson, was at fault for believing Defendant and for failing to reject the results of a professional inspection and function test.

The Court finds this argument problematic and contrary to the policy underlying the statute of limitations for the WPLA.  *See Grumman Corp.*, 759 P.2d at 411 (holding that the WPLA "is intended to give the plaintiff a fair chance to ascertain the harm and its

ORDER – 5

cause . . . [and] the legislative declaration of purpose to treat all parties in a balanced fashion and without unduly impairing the rights of one injured as a result of an unsafe product"). Indeed, the Supreme Court of Washington, sitting *en banc* in *Grumman*, concluded that "whether a plaintiff in due diligence should have discovered the cause of harm is [a] . . . question of fact." *Id.*

In its first order, the Court agreed that Plaintiff should have realized that there was a defect. Dkt. # 12. However, the initial complaint did not include Plaintiff's effort to determine the cause of his injury or Defendant's letter stating that there was no defect. Dkt. # 1. In its next order on Defendant's second motion to dismiss, the Court found that Plaintiff had not met his burden to permit the Court to apply the doctrine of equitable tolling. Dkt. # 23 at 5.

Based on the facts alleged in the Second Amended Complaint, the Court now concludes that the Court may apply equitable tolling to the statute of limitations for the WPLA claim. The Court finds that Plaintiff exercised diligence in attempting to determine the cause of the harm when he reported to Defendant that the pistol had discharged without trigger pull and sent the pistol to Defendant for an inspection. The Court finds that Plaintiff sufficiently alleged bad faith on the part of Defendant in its representation that the pistol contained no defect whatsoever, despite the numerous incidents of discharge without trigger in the preceding 14 years, which had resulted from a defect in the same pistol. The Court concludes that these facts constitute appropriate circumstances for this action to proceed. *Robinson*, 17 P.3d at 659.

**B.     Fraud and Fraudulent Concealment**

Plaintiff's fraud claims are also subject to a three-year statute of limitations. *See* RCW 4.16.080(4) (a fraud claim does not accrue "until the discovery by the aggrieved party of the facts constituting the fraud"). Defendant argues that Plaintiff's fraud claims, based upon representations by Sig Sauer about the safety of the P320 pistol before he purchased it, are similarly untimely. Defendant argues that the statute of limitations for

ORDER – 6

fraud also began to run at the time of the discharge because Plaintiff should have known the pistol was defective at that point. Dkt. # 26 at 12. Again, Defendant fails to address its own testing concluding that the pistol was not defective and its communication to Plaintiff confirming as much. For the same reasons that WPLA claim is not untimely, the Court finds that Plaintiff's fraud and fraudulent concealment claims are not barred by the statute of limitations.

## V.  CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant's motion to dismiss. Dkt. # 26.

DATED this 18th day of March, 2022.

The Honorable Richard A. Jones
United States District Judge

ORDER – 7