HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CODY J. HOEFS,

    Plaintiff,

  v.

SIG SAUER INC.,

    Defendant.

Case No. 3:20-cv-05173-RAJ

**ORDER**

## I. INTRODUCTION

This matter comes before the Court on Defendant's motion for reconsideration or clarification. Dkt. # 34. For the reasons stated below, the Court **DENIES** Defendant's motion for reconsideration.

## II. BACKGROUND

In March 2022, Defendant Sig Sauer Inc. ("Sig Sauer") filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), on the basis that the three-year statute of limitations on the Washington Product Liability Act ("WPLA"), fraud, and fraudulent concealment claims expired and Plaintiff Cody Hoefs alleged no set of facts that would allow him to equitably toll the statute of limitations. *See* Dkt. # 26; Dkt. # 30.

This Court denied that motion. Dkt. # 31. Pursuant to LCR 7(h), Sig Sauer seeks

ORDER – 1

clarification as to whether the Court intended to make factual findings on the statute of limitations issue. If so, Sig Sauer moves for reconsideration on the basis that factual findings are improper at the Rule 12(b)(6) stage. Dkt. # 34.

### III.  DISCUSSION

Defendant's motion indicates that it is unclear from the order whether this Court intended to make factual findings that the statute of limitations was equitably tolled. Dkt. # 34 at 2. As is appropriate at this stage, the Court only concludes that Plaintiff's motion survives the motion to dismiss.

The Ninth Circuit has stated that "it is rarely appropriate to grant a Rule 12(b)(6) motion to dismiss (where review is limited to the complaint) if equitable tolling is at issue," since "the applicability of equitable tolling depends on matters outside the pleadings[.]" *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 1003-04 (9th Cir. 2006); *Hernandez v. City of El Monte*, 138 F.3d 393, 402 (9th Cir. 1998) (same). Accordingly, the Ninth Circuit has also stated that "[d]ismissal on statute of limitations grounds can be granted pursuant to Fed. R. Civ. P. 12(b)(6) only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999).

Plaintiff met the burden required to survive the motion to dismiss. Washington law mandates equitable tolling when "justice requires." *See Millay v. Cam*, 955 P.2d 791, 797 (1998) (en banc); *see also In re Pers. Restraint of Carter*, 263 P.3d 1241, 1248–49 (2011) (en banc). The predicates for equitable tolling are bad faith, deception, or false assurances by the defendant and the exercise of diligence by the plaintiff. *Millay*, 955 P.2d at 797. Here, the Second Amended Complaint sufficiently alleges facts that, if true, could prove tolling of the statute of limitations. Notably, the Second Amended Complaint details Plaintiff's diligence in determining the cause of the harm as well as possible bad faith in Defendant's representations about the pistol's defects. *See* Dkt. # 31 at 6. The Court's order is without prejudice to Defendant's ability to raise a statute of limitations argument on a

ORDER – 2

motion for summary judgment.

## IV.  CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant's motion.  Dkt. # 34.

DATED this 31st day of October, 2022.

*Richard A. Jones*
_____
The Honorable Richard A. Jones
United States District Judge

ORDER – 3